CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 2 6 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SUE E. MAWYER, | ) | CASE NO. 3:04CV0083 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | | U. S. Magistrate Judge |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 31, 2002 claim for a period of disability, disability insurance and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REVERSING the final agency decision, GRANTING judgment to the plaintiff and RECOMMITTING the case for the sole purpose of calculating and paying proper benefits.

In a decision eventually adopted as a final agency decision, a Law Judge found that plaintiff, who was 50 years old with an 11th grade education and past relevant work as a nurse's aide and custodian, met the special earnings requirements of the Act on the alleged period

1

of disability onset, and continued to meet them through the date of his decision. (R. 17, 23.) He also found that plaintiff had not engaged in substantial gainful activity since the alleged date of disability onset, and that she suffered a severe bipolar affective disorder and non-severe emphysema, neither of which met or equaled any listed impairment. (R. 17, 21. ) Further finding that plaintiff's allegations concerning the effects of her impairments and the reports of treating psychiatrists were not entirely credible, and that plaintiff's daily activities revealed "no physical limitations" with only moderate mental limitations, the Law Judge concluded that plaintiff possessed the functional capacity to perform both light and medium unskilled work. ( R. 22-24.) Finally, the Law Judge determined that plaintiff's past relevant work did not require activities beyond her capacities, and found she could perform her past relevant work. (*Id.*) Thus, he found plaintiff not disabled under the Act. The Appeals Council denied review, and this action ensued. (R. 6-8.)

Under the Act and regulations, the Commissioner has the responsibility of making the initial evaluation of the medical evidence, assessing symptoms, signs and findings and determining the nature of a claimant's impairments and the claimant's functional capacity. 20 C.F.R. §§ 404.1527-404.1545 and 416.927-945; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). That determination will be controlling only if it is supported by the substantial evidence in the record. In the instant case, the Law Judge terminated the inquiry at the fourth level of the sequential evaluation by finding plaintiff could perform her past relevant work. Thus, the Commissioner was not put to the burden at the final sequential level to demonstrate that jobs were available to a person, like the plaintiff, who could not perform her past relevant work. 20 C.F.R. § 404.1520; *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v.*

*Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen,* 829 F.2d 514 (4th Cir. 1987).

Plaintiff's chief contention is that the Law Judge, and subsequently the Commissioner, improperly dismissed plaintiff's treating source evidence. As an example, plaintiff claims that the Law Judge found the evidence provided by Michael Murphy, M.D. inconsistent with or not supported by the balance of the medical record. (*See* R. 23.) Plaintiff offers that Dr. Murphy, who treated her for some five months before the administrative hearing, presented evidence not only consistent with the record as a whole, but particularly with that submitted by the Commissioner's own consulting psychologist, F. Daniel McClure, Ph.D. (R. 144-146.) Plaintiff points out that Dr. McClure reported plaintiff's mood to be agitated and depressed, with a highly labile affect, and he disagnosed her as suffering a bipolar affective disorder, a post traumatic stress disorder, a depressive disorder and a dependent personality disorder. (R. 145.) He observed that plaintiff's intellectual function was below average, and that she was unable to manage her own funds. (*Id.*) Plaintiff believes this points, at least, to her inability to perform her past relevant work.

She also contends that the Law Judge's effort to minimize the effects of her impairments on the basis of reports of improvement during the course of her medical treatment misrepresents the factual context in which that evidence is presented in the record. Plaintiff believes that it should not have surprised the Law Judge, and certainly not the court, that a person with a bipolar disorder would experience random or isolated periods of improvement– none of which could serve to negate her disabling impairments.

Because plaintiff believes that both her medical evidence and that submitted by the Commissioner's consultants consistently revealed the presence of mental impairments which had serious , if not totally debilitating effects, the Law Judge had no substantial basis upon which to

3

discount plaintiff's testimony concerning the limitations she experienced as a result of those impairments. Social Security Ruling (SSR) 96-7p. In particular, plaintiff complains that the Law Judge's credibility decision was based more on his personal intangible or intuitive notion about the plaintiff's credibility than upon the great bulk of evidence offered by both professional medical providers and lay persons, including administration employees who confirmed her obvious anxiety, fear and nervous state engendered by her inability to work. (*See* R. 80, 91, 95, 163-165, 172-173, 180-185, 278-289.)

Plaintiff further contends that the Law Judge's reliance on her daily activities cannot substantially support his conclusion that plaintiff is able to perform her past relevant work. In that connection, the Law Judge noted in the body of his decision that plaintiff was able to care for herself and her mother, and that she could do part-time work. (R. 23.) While she acknowledges that there is some evidence in the record that she engages in self-care activities, as well as those which provide some assistance to her mother, plaintiff contends that the Law Judge characterized plaintiff's daily activities in a way which would imply a greater range of abilities than the evidence allows. For example, the evidence is that plaintiff occasionally cooks and does some cleaning for her mother. (R. 280.) The context, however, is that her mother has a sitter, her sisters do all the grocery shopping and one sister checks on her mother some four to five days per week. (R. 285-287.) Most of the time when her sister checks on things, plaintiff is "pretty depressed" and "in bed." (R. 287.)[1]

---

[1] Plaintiff also points out that the Law Judge found apparent inconsistencies in evidence relating to whether plaintiff attended church and shopped for groceries.(R. 22.) The undersigned notes that the plaintiff's testimony was adduced in 2003 while the alleged inconsistent conduct was observed in 2002. Even then, the Law Judge appears to have conceded that plaintiff's lay witness revealed only that plaintiff tried to attend a prayer service once per week, not that she did so. (*Id.*)

4

The undersigned has closely examined the evidence in this record and is of the view that virtually every contention offered by the plaintiff in this case has merit. First, the evidence of plaintiff's treating sources is not inconsistent with the other substantial evidence in the record, except that which at best may be described as "naked" or "bare" assessments of plaintiff impairments and their effects submitted by DDS record consultants.(R. 188-206.) It is not surprising that, in order to find medical support for his denial of the claim, the Law Judge was required to rely totally on that sort of non-examining, non-treating consultative evidence to the exclusion of all other medical evidence in the record. To the extent the Law Judge attempted to support his decision by reference to selected portions of other medical records, those selections were taken out of context and should not be viewed as support for the inferences or conclusions actually drawn by the Law Judge concerning plaintiff's functional ability.

The Law Judge's assessment of the lay evidence, including that offered by plaintiff herself, suffers the same shortcomings. That is to say, the tidbits of lay evidence selected by the Law Judge to support his conclusion that plaintiff possesses the capacity to perform her past relevant work very well may say what he reported them as saying, at least in isolation to the rest of the evidence in the case. However, they certainly cannot be read to support his interpretation when viewed in the context of the record as a whole. Old McDonald's farm was not a farm simply because there was a duck "here" or "there." It was a farm because there were farm animals "everywhere." In a like manner, the Law Judge should not be permitted to fashion conclusions about plaintiff's functional ability around a collection of otherwise isolated facts, chosen "here and there" from among all those set forth in this record.[2] Because the undersigned believes that is what occurred

---

[2]Generally, a claimant's daily activities that amount merely to caring of oneself, including household activities and the like, are not to be considered substantial gainful activity. 20 C.F.R. §§

5

here, the final decision of the Commissioner which denied plaintiff's claim at the past relevant work level of the sequential evaluation is not supported by substantial evidence.

Should the presiding court agree, an interesting procedural issue is presented. A vocational expert testified at the hearing. (R. 291-295.) Under the Commissioner's current regulations, the evidence of a VE may be presented at the fourth level of the sequential evaluation to assist the Law Judge and Commissioner in determining whether a claimant can perform his/her past relevant work. 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2). However, the Law Judge went further and presented the VE with the limitations reported by her treating doctor, in response to which the VE offered that he could not "imagine anyone with [those limitations] could do any work at all on a sustained basis." (R. 294.)

Some might say that this inquiry carried the Commissioner's consideration of the case past the fourth level of the sequential inquiry and into the final level where the response was entirely favorable to the claimant. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989); *Smith v. Bowen*, 837 F.2d 635 (4th Cir. 1987); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981). Thus, a question is raised concerning whether a remand would serve any useful purpose. *Cf Riley v. Apfel*, 88 F. 2d 572 (4th Cir. 2000).

Certainly, the undersigned is of the view that the Commissioner's decision adverse to the plaintiff at the fourth level of the sequential analysis should be revered, ordinarily leading to a remand for the Commissioner to consider whether to grant benefits or conduct supplemental proceedings at the final level of the process where she would have the burden of demonstrating the

---

404.1572(c) and 416.972(c). By the same token, the Commissioner may consider evidence of daily activities as a factor in determining the intensity and persistence of symptoms and the extent to which those symptoms may limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529 (c)(3)(I) and 416.1529(c)(3)(I).

availability of jobs to the plaintiff. However, that evidence, at a minimum, has been forecast by the evidence adduced from the Commissioner's own VE at the first hearing. Thus, the undersigned sees no purpose for a remand, except to further delay the case and give the Commissioner an opportunity to controvert her own expert's testimony. Neither purpose is justified.

Accordingly, it is RECOMMENDED that an order enter REVERSING the final agency decision, GRANTING judgment to the plaintiff and RECOMMITTING the case for the sole purpose of calculating and paying proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U. S. Magistrate Judge

8/26/05
Date

7

Case 3:04-cv-00083-NKM-BWC   Document 17   Filed 08/26/05   Page 7 of 7   Pageid#: 81